# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHAYNE SHOUR, | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION NO. 5:23-CV-318 |
| | § | |
| | § | |
| v. | § | |
| | § | |
| BEST BUY CO., INC., | § | |
| | § | |
| *Defendant*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### PARTIES

1.     Plaintiff, Shayne Shour, (hereinafter referred to as "plaintiff" or "insured"), is an individual who is a citizen of the State of Texas.

2.     Defendant, Best Buy Co., Inc., (hereinafter referred to as "Best Buy" or "Defendant") is a corporation that is incorporated under the laws of the State of Minnesota.  Defendant has its principal place of business in the State of Minnesota.  Defendant may be served with process by serving its registered agent, C T Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

### JURISDICTION

3.     The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because plaintiff and defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs.

### VENUE

4.     Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## CONDITIONS PRECEDENT

5.     All conditions precedent have been performed or have occurred.

## FACTS

6.     Plaintiff owns the property that is specifically located at 17006 Silverwood Drive, San Antonio, Texas 78232 (hereinafter referred to as the "property").

7.     Plaintiff purchased appliances and installation services from defendant.  On or about March 15, 2021, defendant damaged plaintiff's property while installing appliances in plaintiff's home.  Defendant incorrectly installed the appliances and damaged plaintiff's wood floors and cabinets while attempting to reinstall the appliances correctly.

8.     To date, defendant has not compensated plaintiff for the damage and plaintiff has not been able to repair his property.

## COUNT 1 - NEGLIGENCE

9.     Defendant had a duty to exercise ordinary care to conduct the installations in a reasonable and prudent manner and to exercise ordinary care in protecting plaintiff's property from damage. Defendant breached the duty of care in the following ways:

   a.     Failing to use proper floor coverings while transporting heavy appliances to and from plaintiff's home; and

   b.     Failing to apply protective coverings to plaintiff's cabinets while installing appliances.

10.     Defendant's breach of duty proximately caused injury to plaintiff, which resulted in the following damages:

   a.     actual damages (repair and replacement costs).

11.     Plaintiff seeks damages within the jurisdictional limits of this Court.

## COUNT 2 – DECEPTIVE TRADE PRACTICES

12.   Plaintiff is a consumer under the DTPA because plaintiff is an individual who acquired goods and services by purchase.

13.   Defendant is a corporation that can be sued under the DTPA.

14.   Defendant violated the DTPA when defendant represented to plaintiff that defendant's appliance installation services were of a particular standard, quality, or grade when those services were of another.

15.   It was impracticable for plaintiff to give defendant written notice under Texas Business & Commerce Code section 17.505(a) because plaintiff needed to file suit to prevent the expiration of the statute of limitations.  Therefore, written notice was not required.

16.   Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

17.   <u>Attorney fees.</u>  Plaintiff is entitled to recover reasonable and necessary attorney fees for prosecuting this suit under Texas Business & Commerce Code section 17.50(d).

## JURY DEMAND

18.   Plaintiff respectfully requests a trial by jury.

## CONDITIONS PRECEDENT

19.   All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

## PRAYER

20.   For these reasons, plaintiff asks that plaintiff be awarded a judgment against defendant for the following:

a.   Actual damages.

b.   Prejudgment and post judgment interest.

c.    Court costs.

d.    Attorneys' fees.

e.    All other relief to which plaintiff is entitled.

Respectfully submitted,

GULF COAST INSURANCE LAWYERS, P.C.
3233 West Dallas Street, Suite 2101
Houston, Texas 77019
Telephone: (713) 941-9309
Facsimile: (844) 270-0740

DANNY RAY SCOTT
State Bar No. 24010920
danny@gulfcoastinsurancelawyers.com
NOHAYIA JAVED
State Bar No. 24074482
attorneyjaved@gulfcoastinsurancelawyers.com

*Attorneys for Plaintiff*